**Bernard B. KLEBANOFF, trading as Bernard B. Klebanoff & Associates, Plaintiff,**

v.

**Francis I. PONSELL, Defendant.**

Superior Court of Delaware, New Castle.

April 19, 1972.

Clyde M. England, Jr., Joseph A. Calvarese, Jr., Killoran & Van Brunt, Wilmington, for plaintiff.

David A. Eastburn, Wilmington, for defendant.

OPINION

O'HARA, Judge.

This is the Court's decision and order on the plaintiff's motion for summary judgment.

Plaintiff, an individual trading as Bernard B. Klebanoff & Associates, is engaged in the business of finding purchasers for commercial enterprises. On November 13, 1969, Francis I. Ponsell, President and sole stockholder of Ponsell's Drug Store, Inc., (defendant), signed a memorandum which provided:

> "I agree to pay 5% (Five Percent) Finder Fee for sale of my drug store to Bernard B. Klebanoff Associates for helping consumate sale of above drug store.
>
> This does not include any prospective buyer already considered but only to those sent by Klebanoff Assoc.
>
> (signed) Francis I. Ponsell, Pres."

Plaintiff found a buyer (Warner Stores Company) who agreed to purchase defendant's drug store. On January 31, 1971, defendant and Warner Stores entered into a "Stock Purchase Agreement". The defendant transferred his 100% interest in Ponsell's Drug Store, Inc. to the buyer. The Stock Purchase Agreement provided for the payment of the purchase price:

> "3. *Payment of Purchase Price.*
>
> (a) On the terms and subject to the conditions set forth in this agreement, as full payment ("Purchase Price") for the Seller's Shares, Warner Stores, within fifteen (15) days from and after the Closing Date, will pay to the Share holder an amount equal to the greater of (i) $25,000, or (ii) the Tangible Net Worth (as hereinafter defined) of Ponsell's as of the close of business on February 1, 1971, as determined by Haggerty & Haggerty, independent accountants, and agreed to by Laventhol Krekstein Horwath & Horwath, independent accountants."

The parties have stipulated to the accuracy of the balance sheet prepared by Haggerty & Haggerty, enumerating the assets, liabilities and capital of Ponsell's Drug Store, Inc. on February 1, 1971. The only question presented to this Court is the basis for determining the commission owed to the plaintiff. Plaintiff contends that he is entitled to a commission of 5% based on the "total asset value" of the property (a commission of $4,412.11 based on total asset value of $88,242.36). The defendant contends that the 5% commission should be based on the "tangible net worth" (purchase price) as defined in the Stock Purchase Agreement (a commission of $1,667.-14 based on tangible net worth of $33,342.-74).

The plaintiff and defendant agree that the sale of all the stock in Ponsell's Drug Store, Inc. to Warner Stores Company by the defendant amounts to a sale of the store assets. Authority clearly supports this position. See Morad v. Haddad, 329 Mass. 730, 110 N.E.2d 364 (1953); Bowdern v. Rowland, 21 S.W.2d 899 (St. Louis Ct. of A. 1929); Annot., 24 A.L.R.3d 1160; 12 C.J.S. Brokers § 79. In *Morad*, the plaintiff, pursuant to an offer of a fixed commission for finding a buyer for corporate property, produced a customer who bought all the issued stock of the corporation. Affirming an award of compensation to the broker, the Court determined:

> "The transfer of stock by Haddad effected the sale of the corporate property for which Morad had been employed to find a customer. The corporation was owned by Haddad. It was used by him as an agency through which he conducted business. The sale of all of the stock of the corporation was in legal effect a sale of all of its assets, and the mere fact that the parties found it more convenient to transfer all of the stock rather than to make a conveyance of its assets does not change the substance of the transaction. . . . . . Morad was entitled to the same commission which he would have earned had the corporate property been directly conveyed."

While the defendant concedes that the sale of all the stock is a sale of the assets, he contends that the Court should be

guided by the intent of the parties to the sale, as expressed in the Stock Purchase Agreement, in determining the basis for measuring the plaintiff's commission. The basis for computing commissions for a sale of property, however, where it is not provided otherwise by contract between the broker and seller, is the full sale price (actual, gross sale price) of the property or interest actually sold. See 12 C.J.S. Brokers § 79a.

In Bowdern v. Rowland, supra, the plaintiff sued to recover a commission of 5% on the sale of property for which he produced a purchaser pursuant to an agreement with the defendants. The contract between the seller and the buyer provided that the buyer, subject to adjustments provided in the contract, would pay the defendants $46,000 in cash upon delivery of the capital stock. The jury returned a verdict for the plaintiff and on appeal the defendant contended that the jury was prejudicially misled because the instructions permitted the jury to consider the property of the defendant (valued at $100,000) as the basis for the commission. Affirming the award of the jury, the Court maintained:

"It is true that in the present case the sale was finally consummated under the agreement with the purchaser, under the terms of which the latter accepted a transfer of all of the stock to him, subject to the adjustments provided for in the contract, but to all intents and purposes this effectuated all that would have been accomplished by a sale of the physical properties of the company and was handled in this manner as a mere matter of convenience to the parties . . . We are of the opinion, therefore, that the court did not err in permitting the jury to consider the property as a basis for the claimed commission."

■ While the "purchase price" defined in the Stock Purchase Agreement in the present case may govern the relationship between the buyer and seller, it does not affect the basis for computing the broker's commission. Cf. Khalaf v. Politis, 165 A. 2d 782 (Mun.Ct. of Appeals, D.C.1960).

■ Summary judgment is granted only if the Court can say that on the unquestioned facts the moving party is entitled to judgment as a matter of law. Collison v. Deisem, 265 A.2d 57 (Ch.Ct. Del.1970). In the present case, it is conceded that the sale of stock was a sale of the corporate property. In addition, there is no doubt, based on the balance sheet stipulated to by the parties, that the total asset value of the corporation is $88,242.36. The plaintiff, therefore, on the unquestioned facts and as a matter of law, is entitled to a 5% commission, as expressed in the memorandum signed by the defendant, computed on the basis of the $88,242.36 property value or the sum of $4,412.11.

Motion for Summary Judgment is granted and judgment entered for plaintiff in the amount of $4,412.11.

It is so ordered.